**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| DEAN MARSTELLAR, individually and d/b/a D-3 CONSTRUCTION | ) ) ) |
| Defendant. | ) ) |

```
FILED: AUGUST 27, 2008
08CV4903
JUDGE LEFKOW
MAGISTRATE JUDGE KEYS

PH
```

Case No.:

Judge:
Magistrate Judge:

## COMPLAINT

Plaintiff Construction and General Laborers' District Council of Chicago and Vicinity ("District Council"), on its own behalf and on behalf of the trustees of the District Council Labor-Management Cooperation Committee ("LDC/LMCC"), and the Laborers-Employers Cooperation Education Trust ("LECET"), for its Complaint against Defendant DEAN MARSTELLAR, individually and d/b/a D-3 CONSTRUCTION, for its failure to timely remit wage deductions to the District Council and certain employer contributions, states:

**COUNT I**
**FAILURE TO REMIT EMPLOYEE WAGE DEDUCTIONS**
**AND EMPLOYER CONTRIBUTIONS IN VIOLATION OF LMRA SECTION 301**

1.      The District Council is a labor organization within the meaning of the Labor Management Relations Act ("LMRA") Section 101, 29 U.S.C. § 152(5), that maintains its principal offices in this district.

2.      The LDC/LMCC and LECET are labor-management cooperation committees that maintain their principal offices in this district.  The LDC/LMCC and LECET are funded primarily by employer contributions required by collective bargaining agreements negotiated by

1

the District Council. The trustees of the LDC/LMCC and LECET have authorized the District Council to act on behalf of the LDC/LMCC and LECET for purposes of collecting contributions owed, and the District Council brings this action on their behalf. (LDC/LMCC and LECET will be referred to collectively as "the Affiliated Organizations")

3.    Defendant DEAN MARSTELLAR, individually and d/b/a D-3 Construction. ("Defendant Company"), conducts business within this district as an unincorporated sole proprietorship. Defendant Company is an employer within the meaning of LMRA Section 101(a), 29 U.S. C. § 152(2).

4.    Defendant DEAN MARSTELLAR resides in this District and is the principal officer and, on information and belief, operator of D-3 Construction.

5.    Jurisdiction and venue are properly vested in this Court under LMRA Sections 301(a) and (c), 29 U.S.C. §185(a) & (c).

6.    The District Council has maintained successive labor agreements with Defendant Company, the most recent of which is effective by its terms from June 1, 2006 to May 31, 2010 (the "Agreement").

7.    Under the Agreement, Defendant Company is obligated to (a) deduct initiation fees and monthly dues from its employees' wages pursuant to a written assignment from its employees, in amounts designated by the District Council, and (b) remit them to the District Council not later than the tenth day of the following month, along with dues remittance reports. Employers who fail to remit union dues are also liable to pay an additional 10% in liquidated damages to the District Council and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

8.    Pursuant to the Agreement, Defendant Company is bound by the Affiliated Organizations' governing trust documents and is obligated to pay contributions for each hour worked by its employees to the Affiliated Organizations. Defendant Company is required to

2

remit contributions to the District Council for transmittal to the Affiliated Organizations along with a remittance report.

9.    Pursuant to the Affiliated Organizations' governing trust documents, employers who fail to report and/or remit contributions are liable to pay an additional 10% in liquidated damages, and all costs of collection, including reasonable audit expenses, attorneys' fees, and costs.

10.    For various months since about June and July 2008 and continuing through the present, Defendant Company has failed to properly deduct union dues from employees' wages and remit those dues and industry fund contributions to the District Council.

11.    By the aforementioned conduct, Defendant Company has breached the Agreement in violation of Section 301 of the LMRA and have caused damage to the District Council and the Affiliated Organizations, including lost earnings and administrative costs.

12.    Defendant Company is also liable for accrued liquidated damages incurred during the period of March 2007 through the present for previous untimely union dues remittances.

WHEREFORE, based on Count I of this Complaint, Plaintiff respectfully requests that this Court enter judgment against Defendant, DEAN MARSTELLAR, individually and d/b/a D-3 Construction, containing the following relief:

(a)    ordering  DEAN MARSTELLAR, individually and d/b/a D-3 Construction, to pay all unremitted union dues and industry trust fund contributions required by the Agreement, as well as 10% as liquidated damages;

(b)    ordering  DEAN MARSTELLAR, individually and d/b/a D-3 Construction to pay all liquidated damages and shortages previously accrued;

(c)    ordering  DEAN MARSTELLAR, individually and d/b/a D-3 Construction to pay all costs of collection, including reasonable audit fees, attorneys' fees and costs;

(d)    ordering DEAN MARSTELLAR, individually and d/b/a D-3 Construction, to remit all future dues and industry trust fund contributions on a timely basis; and

3

(e)    ordering such other relief as this Court deems just and proper.

## COUNT II
## DEAN MARSTELLAR, INDIVIDUALLY AND D/B/A  D-3 CONSTRUCTION VIOLATED THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT BY DEDUCTING AND FAILING TO REMIT WAGES

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 of Count I as paragraphs 1-12 of Count II.

13.    Plaintiff District Council is an unincorporated labor organization, commonly known as a labor union that maintains its principal offices in this District.

14.    Defendant  DEAN MARSTELLAR, individually and d/b/a D-3 Construction ("Defendant Company"), is an Illinois business that maintains offices and conducts business within this District.

15.    Defendant DEAN MARSTELLAR resides in this District and is the principal officer and, on information and belief, majority owner of Defendant Company.

16.    This Court has supplemental jurisdiction over Count II, which alleges a state law claim, pursuant to 28 U.S.C. § 1367.

17.    Venue is properly vested in the District Court for Count II, pursuant to 28 U.S.C. § 1391(b).

18.    During the period of June 2008 and continuing through the present, Defendant Company's employees performed work for the Company and earned wages.

19.    On information and belief, each of Defendant Company's employees executed written assignments authorizing and directing the Defendant Company to withhold moneys from their wages for remittance to the District Council in satisfaction of union dues and fee obligations.

20.    Since at least June 2008 pursuant to the wage assignments, the Defendant Company deducted money from the employees' wages, but failed to properly remit those amounts to the District Council.

21.    On or about July 26, 2008, the District Council demanded payment of the

4

moneys deducted from the employees' wages and withheld by the Defendants. Defendants failed to return those moneys to Plaintiff.

22.    Defendant Company's conduct violates the Illinois Wage Payment and Collection Act, 820 ILCS 115/1, et seq.

23.    At all material times,  DEAN MARSTELLAR, individually and d/b/a D-3 Construction acted directly in the interest of Defendant Company in relation to its employees.

24.    At all material times, DEAN MARSTELLAR, individually and d/b/a D-3 Construction controlled the terms and conditions of employment of Defendant Company's employees and exercised control over the payment of wages and the withholding of moneys from employees' wages.

25.    At all material times, DEAN MARSTELLAR, individually and d/b/a D-3 Construction controlled all disbursements made by Defendant Company, including the issuance of payroll checks and dues remittance checks.

26.     DEAN MARSTELLAR, individually and d/b/a D-3 Construction knowingly permitted Defendant Company to retain the wages withheld from each employee's paycheck rather than tendering such funds to the District Council.

27.     DEAN MARSTELLAR, individually and d/b/a D-3 Construction personally and actively conducted or participated in the actions of Defendant Company alleged above causing injury to the District Council.    DEAN MARSTELLAR, individually and d/b/a D-3 Construction, therefore, is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/13, and is personally liable for the failure to properly deduct moneys from employees' wages and remit those moneys to the District Council for payment of union dues.

WHEREFORE, based on Count II of this Complaint, Plaintiff respectfully requests this Court to enter judgment against  DEAN MARSTELLAR, individually and d/b/a D-3 Construction as follows:

> (a)    finding that  DEAN MARSTELLAR, individually and d/b/a D-3
>         Construction violated the Illinois Wage Payment and Collection

Act;

(b)     ordering   DEAN  MARSTELLAR, individually  and  d/b/a  D-3 Construction to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, plus interest;

(c)     ordering   DEAN  MARSTELLAR, individually  and  d/b/a  D-3 Construction, to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs pursuant to the Attorneys Fees in Wage Actions Act, 705 ILCS 225/1; and

(d)     granting all other such legal and equitable relief as the Court deems just and proper.

## COUNT III
## CONVERSION CLAIM AGAINST
## DEAN MARSTELLAR, INDIVIDUALLY AND D/B/A D-3 CONSTRUCTION

Plaintiff realleges and incorporates by reference paragraphs 1 through 27 of Count II as paragraphs 1-27 of Count III.

28.     Pursuant to the wage assignments executed by each of Defendant Company's employees, the District Council has a right to all wages deducted from employees' wages for remittance to the District Council as union dues and fees.

29.     After Defendant Company deducted and withheld money from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

30.     After Defendant Company withheld wages from its employees' wages assigned by the employees to the District Council for payment of union dues and fees, DEAN MARSTELLAR, individually and d/b/a D-3 Construction was without right or authorization to possess those moneys.

31.     Since at least June 2008 and continuing through the present, Defendant Company deducted and withheld moneys from employees' wages for union dues and fees, but did not remit that money to the District Council in a timely manner, and Defendant Company and

6

MARSTELLAR  appropriated that money for its own use and benefit; and thereby permanently deprived the District Council of its property.

32.     Plaintiff has made demand for possession of the monies, but Defendant  DEAN MARSTELLAR, individually and d/b/a D-3 Construction has not turned over the amounts deducted from the employees' wages.

33.     Through the acts and conduct alleged above, DEAN MARSTELLAR, individually and d/b/a D-3 Construction wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

34.     MARSTELLAR personally withheld moneys from the wages of the employees or personally caused another to withhold those moneys.  After the withholding of the employees' wages assigned to the District Council as union dues and fees, the District Council had an absolute right to immediate possession of those moneys.

35.     MARSTELLAR knowingly failed to remit to the District Council moneys withheld from the employees' wages, or personally caused another to fail to remit those moneys to the District Council following the withholding of those moneys.  MARSTELLAR was without right or authorization to possess those moneys.

36.     MARSTELLAR appropriated, for his own use and benefit, the moneys withheld from the employees' wages.

37.     Plaintiff has made demand for possession of the monies, but MARSTELLAR has not turned over the amounts deducted from employees wages.

38.     Through the acts and conduct alleged above, MARSTELLAR wrongfully converted the District Council's property and may justly be required to pay to the District Council the full value of that property.

WHEREFORE, based on Count III of this Complaint, Plaintiff respectfully requests this Court to enter judgment against  DEAN MARSTELLAR, individually and d/b/a D-3 Construction as follows:

(a)     finding that  DEAN MARSTELLAR, individually and d/b/a D-3 Construction personally and individually, wrongfully converted the District Council's property;

(b)     ordering  DEAN MARSTELLAR, individually and d/b/a D-3 Construction to pay the District Council all moneys that they failed to properly withhold and remit to the District Council, including interest and liquidated damages;

(c)     ordering  DEAN MARSTELLAR, individually and d/b/a D-3 Construction to pay the District Council's costs in connection with its efforts to recover the money it was deprived, including reasonable attorneys' fees and costs; and

(d)     granting all other such legal and equitable relief as the Court deems just and proper.

Respectfully submitted,

/s/ Michele M. Reynolds

_____
Michele M. Reynolds
One of Plaintiff's Attorneys

Michele M. Reynolds
Steven W. Jados
DOWD, BLOCH & BENNETT
8 S. Michigan Avenue--19th Floor
Chicago, IL 60603
312-372-1361

8